Steven Clair DICK, incompetent, by Gordon Clair Dick, his guardian ad litem, Plaintiff-Appellant,

v.

Dr. Asle Kingsley LEWIS; Lisbon Memorial Hospital; and Jane Doe and Rachael Roe, whose true names are to plaintiff unknown, Defendants-Appellees.

No. 80–1157.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1980.

Decided Jan. 19, 1981.

Robert William Rischmiller, Minneapolis, Minn., for plaintiff-appellant.

Patrick Weir and Frank Magill, Fargo, N. D., for defendants-appellees.

Before LAY and HENLEY, Circuit Judges, and HANSON,* Senior District Judge.

PER CURIAM.

In this diversity case, plaintiff-appellant, Steven Dick, appeals from the district court's dismissal of his medical malpractice suit against Dr. Asle Lewis and the New Lisbon, North Dakota, Memorial Hospital. This suit was brought on behalf of Steven—who is a 20-year-old incompetent suffering from cerebral palsy, spastic paraplegia, and mental retardation—by his parents, Gordon and Mona Dick. In a non-jury trial, the Dicks attempted to show that their son's birth defects were caused by defendant-appellees' allegedly negligent mishandling of the boy's birth. The district court found that the Dicks failed to prove a prima facie case of negligence against the Hospital and that they had proved neither that Dr. Lewis was negligent nor that Steven's maladies were caused or could have been avoided by the manner in which Dr. Lewis conducted his delivery.

On appeal, the Dicks claim that (1) the district court's dismissal of the Hospital under F.R.Civ.P. 41(b) was error; (2) the district court erred in permitting lay testimony about birth defects suffered by other members of the Dick family; (3) the district court erred by refusing to allow testimony on the question of informed consent; and (4) the district court's findings of fact are contrary to the weight of the evidence.

We conclude that the issues raised on appeal are without merit. Judge Benson's findings of fact are not clearly erroneous; neither was there any misapplication of the law. We affirm Judge Benson's dismissal on the basis of his thorough and well-reasoned Memorandum and Order. *See* Rule 41.